Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JAMIL GULMANN SHIHAB, p/k/a
JAMIL GS, an individual,

Plaintiff,

v.

UNIVERSAL MUSIC GROUP, a
California corporation; UNIVERSAL
MUSIC INVESTMENTS, INC., a
California corporation, individually, and
doing business as ISLAND RECORDS;
MELODY DUNGEON MUSIC, LLC, a
New York LLC; and DOES 1-10,


Defendants.

Case No.:

**COMPLAINT FOR**:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR
   CONTRIBUTORY COPYRIGHT
   INFRINGEMENT; AND
3. VIOLATION OF THE DMCA:
   17 U.S. Code § 1202.

**JURY TRIAL DEMANDED**

    Plaintiff, by and through his undersigned attorneys, hereby prays to this
honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.    JAMIL GULMANN SHIHAB, p/k/a JAMIL GS ("JAMIL GS") is an individual currently residing in Denmark.

5.    Plaintiff is informed and believes and thereon alleges that Defendant UNIVERSAL MUSIC GROUP ("UMG") is a California corporation with its headquarters in Santa Monica, California.

6.    Plaintiff is informed and believes and thereon alleges that Defendant UNIVERSAL MUSIC INVESTMENTS, INC. ("UMI") is a California corporation doing business at 5820 Canoga Avenue Ste 300, Woodland Hills, CA 91367-6533 and is doing business in and with California. Plaintiff is informed and believes that UMG and/or UMI have done and are doing business as "ISLAND RECORDS."

7.    Plaintiff is informed and believes and thereon alleges that Defendant MELODY DUNGEON MUSIC, LLC ("MDM") is a New York limited liability company that does business in and with Los Angeles County.

8.    Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## INTRODUCTION AND STATEMENT OF FACTS

10.     Plaintiff brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography by Defendants. JAMIL GS is well-renowned for, amongst other things, his photography of hip-hop music and culture. He has collaborated with numerous brands and artists and has been exhibited in world-famous galleries and shows around the globe.

11.     JAMIL GS created, and owns all copyrights in, an original photograph depicting musician Faith Evans ("Subject Photograph"). He registered the Subject Photograph with the U.S. Copyright Office under *VA-2-222-997*. The Subject Photograph is depicted on the left side column of the below illustrative chart and has been misappropriated and published without permission (or payment of a licensing fee) by Defendants' for-profit website. Defendants misappropriated, distributed, and published the Subject Photograph on its website and associated platforms, and did so

without seeking authorization from, or even notifying, JAMIL GS. This is copyright infringement.

12.     On information and belief it is alleged that Defendants own and operate a record label that derives revenues from selling, licensing, streaming, marketing, and otherwise exploiting musical works and ancillary products, and used various platforms, including online and social media platforms to advertise their artists and artist projects.

13.     JAMIL GS created the Subject Photograph and owns all rights in said photograph. On information and belief it is alleged that UMG, UMI, MDM, and each of them, published the Subject Photograph as key art in an online and/or social media advertising campaign without JAMIL GS's attribution and without his consent ("Subject Post"). An image of the Subject Post is set forth hereinbelow.

14.     Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph via an online search-and-copy process and then published and exploited it without the authorization of Plaintiff. A true and correct comparison of Plaintiff's Subject Photograph and Defendant's unlawful exploitation are set forth below.

15.     Plaintiff at no point authorized Defendants, or any of them, to exploit the Subject Photograph as complained of herein. A comparison of the Subject Photograph with the Defendants' advertisement reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16.     On September 30, 2020, JAMIL GS issued a cease and desist demand to Defendants, requesting that they cease and desist in their exploitation of the Subject Photograph and provide certain information as to their exploitation of the work in question. Defendants failed to meaningfully respond, necessitating this action. The comparison chart reflects the following:

| SUBJECT PHOTOGRAPH: | SUBJECT POST: |
|---|---|
|  |  |

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photograph and by reproducing and publishing the

Subject Photograph and distributing and displaying it to to the public, including without limitation, on and through its website(s) and social media accounts.

19.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photograph, and removing any attribution to Plaintiff from the Subject Photograph.

20.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

21.    Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants.

22.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

24.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and

each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act, costs and attorneys' fees and/or a preclusion from proffering certain defenses or positions during litigation.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

27.     Plaintiff is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction publication, and distribution of the Subject Photograph as alleged hereinabove.

28.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Accused Image.

29.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

31.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act, costs and attorneys' fees and/or a preclusion from proffering certain defenses or positions during litigation.

## THIRD CLAIM FOR RELIEF

(For Violation of the DMCA: 17 U.S. Code § 1202 – Against all Defendants, and Each)

32.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33.     On information and belief it is alleged that Defendants, and each of them, violated section 1202 of the Copyright Act by removing from the Subject Photograph any attribution or copyright management information that identifies Plaintiff as its author. And by distributing and displaying the Subject Photograph under the name "Island Records."

34.     On information and belief it is alleged that Defendants, and each of them, violated section 1202 of the Copyright Act by removing displaying, publishing, and distributing the Subject Photograph with attribution and copyright management information that identifies Defendant, and its agents and employees, as the author of the Subject Photograph. Specifically and without limitation, Defendant published the Subject Photograph beneath its own name and logo as part of an article that was attributed to one of Defendant's writers.

35.     The above violation, which was knowing and/or willful, subjects Defendants, and each of them, to entry of judgment reflecting Plaintiff's actual damages and any additional profits of the violator, statutory damages, and attorneys' fees under 17 USC § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photograph.

b.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 505, 1203.

c.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505, 1203;

d.  That a trust be entered over the Accused Image, and all profits realized through the infringement;

e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

f.  That Plaintiff be awarded the costs of this action; and

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: January 7, 2021          By: _____

Scott Alan Burroughs, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff